UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAY REYNOLDS,<br><br>Defendant. | Case No. 1:05-cr-00077-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's motion for appointment of counsel. (Dkt. 53.) Because Defendant has no right to counsel at this stage of the proceedings, the motion will be denied without prejudice.

Defendant is currently in the custody of the Idaho Department of Corrections. He is not currently in federal custody.

Defendant seeks to have counsel appointed to represent him because he has received notice that a federal detainer has been placed on him in relation to a petition for violation of supervised release. However, the existence of a federal

**MEMORANDUM DECISION AND ORDER - 1**

detainer does not give rise to the right to counsel. *See Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 213 (2008) ("[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel.")

Further, a defendant has no constitutional right to receive a hearing on any supervised release revocation petition until he is taken into federal custody as a supervised release violator. *See Carchman v. Nash*, 473 U.S. 716, 726 (1985) (Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers); *United States v. Repp*, 987 F.3d 1245, 1247 (9th Cir. 2021) (Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 2, does not apply to petitions for violation of supervised release); *Moody v. Daggett* , 429 U.S. 78, 89 (1976) ("[W]e hold that [the defendant] has been deprived of no constitutionally protected rights simply by issuance of a parole violator warrant. The Commission therefore has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972) ("The revocation hearing must be tendered

within a reasonable time after the parolee is taken into custody.").

## ORDER

**IT IS ORDERED that** Plaintiff's motion for appointment of counsel (Dkt.53) is **DENIED** without prejudice.

DATED: April 5, 2021

B. Lynn Winmill
U.S. District Court Judge