UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAY REYNOLDS, <br><br> Defendant. | Case No. 1:05-cr-00077-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's motion for final disposition by discharge of detainer. (Dkt. 55.) The Court will deny the motion.

## BACKGROUND

Defendant was convicted of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 51 months of imprisonment, followed by 4 years of supervised release. (Dkt. 25.) Supervised release commenced on May 21, 2010. (Dkt. 31.)

On September 12, 2011, a petition on supervised release was filed, charging

Defendant with violating supervised release by committing new state law crimes (Dkt. 31). On November 13, 2011, an amended petition on supervised release was filed, charging Defendant with additional violations of supervised release by committing additional new state law crimes (Dkt. 41). On January 5, 2012, Defendant was found guilty of violating supervised release, his supervised release was revoked, and he was sentenced to 12 months of imprisonment followed by 3 years of supervised release. (Dkt. 49.)

Defendant's second term of supervised release commenced on February 27, 2018, and was set to expire on February 26, 2021. However, on June 4, 2020, prior to expiration of supervised release, Defendant was arrested and charged with a new state law crime of possession of a controlled substance. (Dkts. 50, 51.) On October 5, 2020, he was convicted of the new state law crime and sentenced to 18 months of imprisonment. (Dkt. 51.) Defendant is currently in the custody of the Idaho Department of Corrections (IDOC) serving that sentence. According to the IDOC inmate offender search website, the sentence satisfaction date for this new crime is December 1, 2021. *See* https://www.idoc.idaho.gov/content/prisons/offender_search/detail/46448?last_page=2 (last accessed June 10, 2021). Defendant is also serving sentences with the IDOC for other offenses, with sentence satisfaction dates of October 2, 2022. *Id.* Defendant's next parole hearing date is currently set

for July 2021. *Id.*

In the present case, on February 18, 2021 (so prior to the expiration of supervised release), a second petition on supervised release was filed, charging Defendant with violating supervised release by committing the new state law crime of possession of a controlled substance. (Dkt. 51.) An arrest warrant was issued and, according to Defendant, a federal detainer has been lodged with IDOC. Defendant explains in his motion that the lodging of this federal detainer has negatively impacted his placement at IDOC facilities and prevents him from participating in the work release center.

On March 17, 2021, Defendant filed a motion requesting that the Court appoint counsel to represent him in light of the federal detainer. (Dkt. 53.) The Court denied the motion because Defendant does not have a right to counsel at this stage of the proceedings. (Dkt. 54.)

Defendant has now filed a motion seeking final disposition of the pending petition on supervised release. (Dkt. 55.) This motion is before the Court for decision.

## ANALYSIS

The Interstate Agreement on Detainers Act (the "Act") provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party

> State any untried *indictment, information, or complaint* on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the *indictment, information, or complaint* . . . .

18 U.S.C. App. 2, § 3, art. III(a) (emphasis added).

Under the plain language of the Act, it applies only to detainers for untried criminal charges brought in an *indictment, information, or complaint*. The detainer at issue here is not for untried criminal charges brought in an indictment, information, or complaint. Instead, the detainer is for a petition for violation of supervised release. The Act does not, therefore, apply to the detainer, and Defendant has no right under the Act to be brought before this Court for hearing on the pending petition, or to have the pending petition resolved, while he is in the custody of IDOC. *See United States v. Repp*, 987 F.3d 1245, 1247 (9th Cir. 2021) (Interstate Agreement on Detainers Act, 18 U.S.C. App. 2 § 2, does not apply to petitions for violation of supervised release); *see also Carchman v. Nash*, 473 U.S. 716, 726 (1985) (Interstate Agreement on Detainers Act, which requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges, is inapplicable to probation or parole revocation detainers).

**ORDER**

**IT IS ORDERED** that Defendant's motion for final disposition (Dkt. 55) is **DENIED**.

DATED: July 11, 2021

B. Lynn Winmill
U.S. District Court Judge