UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:05-cr-00077-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RAY REYNOLDS, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant's "Motion to Modify Release." (Dkt. 59.) The Court construes Defendant's motion as a motion for reconsideration of the Court's previous order (Dkt. 57) denying Defendant's previous motion for final disposition of a pending petition for violation of supervised release. The Court will deny reconsideration.

## BACKGROUND

Defendant was convicted of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and sentenced to 51 months of

imprisonment, followed by 4 years of supervised release. (Dkt. 25.) Supervised

release commenced on May 21, 2010. (Dkt. 31.)

On September 12, 2011, a petition on supervised release was filed, charging

Defendant with violating supervised release by committing new state law crimes

(Dkt. 31). On November 13, 2011, an amended petition on supervised release was

filed, charging Defendant with additional violations of supervised release by

committing additional new state law crimes (Dkt. 41). On January 5, 2012,

Defendant was found guilty of violating supervised release, his supervised release

was revoked, and he was sentenced to 12 months of imprisonment followed by 3

years of supervised release. (Dkt. 49.)

Defendant's second term of supervised release commenced on February 27,

2018, and was set to expire on February 26, 2021. However, on June 4, 2020, prior

to expiration of supervised release, Defendant was arrested and charged with a new

state law crime of possession of a controlled substance. (Dkts. 50, 51.) On

October 5, 2020, he was convicted of the new state law crime and sentenced to 18

months of imprisonment. (Dkt. 51.) Defendant is currently in the custody of the

Idaho Department of Corrections (IDOC) serving that sentence. According to the

IDOC inmate offender search website, the sentence satisfaction date for this new

crime is December 1, 2021. See https://www.idoc.idaho.gov/content/prisons/offend

er_search/detail/46448?last_page=2 (last accessed October 7, 2021). Defendant is also serving sentences with the IDOC for other offenses, with sentence satisfaction dates of October 2, 2022. *Id.*

On February 18, 2021, prior to the expiration of Defendant's supervised release, a second petition on supervised release was filed in the present case, charging Defendant with violating supervised release by committing the new state law crime of possession of a controlled substance. (Dkt. 51.) An arrest warrant was issued, and a federal detainer was lodged with IDOC. The lodging of this federal detainer has, according to Defendant, negatively impacted his placement at IDOC facilities and prevented him from participating in the work release center.

On March 17, 2021, Defendant filed a motion requesting that the Court appoint counsel to represent him in light of the federal detainer. (Dkt. 53.) The Court denied the motion because Defendant does not have a right to counsel at this stage of the proceedings. (Dkt. 54.)

Defendant then filed a motion seeking final disposition of the pending petition on supervised release. (Dkt. 55.) The Court denied that motion because Defendant has no right to be brought before this Court for hearing on the pending petition, or to have the pending petition resolved, while he is in the custody of IDOC. (Dkt. 57.)

Defendant has filed the present motion (Dkt. 59) seeking to have the Court reconsider.

## LEGAL STANDARD

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law.  *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions. *See Wood v. Ryan*, 759 F.3d

1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

## ANALYSIS

Defendant's motion requests that the Court terminate his supervised release, terminate the detainer against him, and run any time left on his federal supervised release concurrent to his state sentence. (Dkt. 59.) In other words, Defendant is seeking the same relief he sought in his previous motion, which the Court denied, i.e., he is seeking reconsideration.

Defendant has not demonstrated that reconsideration of the Court's previous order is warranted. Specifically, he has not demonstrated that any of the following are present here: (1) the need to correct manifest errors of law or fact; (2) newly discovered or previously unavailable evidence; (3) the need to prevent manifest injustice; or (4) the need to consider an intervening change in the law. *See Turner*, 338 F.3d at 1063. Instead, Defendant simply contends that his counsel in his state case indicated to him that his federal time would run concurrent with his state sentence, and that Defendant was sent to a work center once he was incarcerated with the IDOC but was removed from the work center as a result of the lodging of the federal detainer. This information is not newly discovered nor previously unavailable and does not otherwise meet any of the other standards for

reconsideration. Reconsideration will accordingly be denied.[1]

**ORDER**

**IT IS ORDERED** that Defendant's motion to modify release (Dkt. 59) is

**DENIED**.

DATED: November 4, 2021

B. Lynn Winmill
U.S. District Court Judge

---

[1] Defendant has also submitted a letter to the Court in which he states that he disagrees with and does not trust a new requirement of IDOC regarding the handling of legal documentss. (Dkt. 58.) The appropriate avenue for challenging conditions of confinement is not through this criminal action but instead through a separate action under 42 U.S.C. § 1983.